UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUNO N. DINA                                               JURY TRIAL DEMANDED

v.                                                                  CASE NO.  3:12CV

CUDA & ASSOCIATES, LLC

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Defendant CUDA is a Connecticut corporation.

4. Plaintiff was the holder of a personal Chase Bank credit card.

5. Defendant CUDA is in the business of purchasing defaulted consumer debt and collecting thereon using the mails and means of interstate commerce.

6. Defendant CUDA claimed to have purchased plaintiff's credit card account.

7. Default judgment in favor of CUDA entered against plaintiff on the purchased Chase account on January 25, 2011, in Bridgeport Small Claims Court, SCC-372134.

8. Plaintiff had not been served in that matter.

9. On March 31, 2011, in SCC-372134, a Financial Institution Execution was granted and issued by the clerk.

10. CUDA forwarded the execution to a marshal for service.

11. The execution was served on plaintiff's bank on July 18, 2011.

12. The bank took a $100 processing fee out of plaintiff's account.

13. The marshal returned the execution as wholly unsatisfied.

14. The Financial Institution Execution expired, by its own terms, and by operation of law, not later than forty-five days from the initial receipt by the serving officer of such execution. Conn. Gen. Stat. 52-367b(b).

15. CUDA again forwarded the same execution to a marshal for service without obtaining a new execution.

16. The marshal again served the execution on the same bank on Jan. 27, 2012.

17. The bank took a $100 processing fee out of plaintiff's account.

18. Plaintiff claimed and was granted an exemption.

19. CUDA had a pattern and practice of re-issuing already served executions that can be issued only by the clerk of the court. Conn. Gen. Stat. §51-52; §52-367a; Conn. Practice Book § 7-2.

20. Default judgment in favor of CUDA entered against plaintiff on the same purchased Chase account on March 7, 2011 in SCC-378501.

21. Plaintiff had not been served in that matter.

22. Defendant failed to withdraw the second judgment despite demand.

FIRST COUNT

23. In the collection efforts within one year prior to the date of this action, defendant violated the FDCPA, § 1692d, -e, or –f(1).

SECOND COUNT

24. In the collection efforts within one year prior to the date of this action, defendant CUDA violated the CCPA.

25. In the collection efforts within three years prior to the date of this action, defendant

violated CUTPA by the actions described above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against defendant under the FDCPA, plus $1,000 statutory damages against defendant CUDA under the CCPA, and actual and punitive damages against defendant CUDA under CUTPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

                THE PLAINTIFF

                BY__/s/ Joanne S. Faulkner__
                JOANNE S. FAULKNER ct04137
                123 AVON STREET
                NEW HAVEN, CT 06511-2422
                (203) 772-0395
                faulknerlawoffice@snet.net